OPINION OF THE COURT
Frank J. LaBuda, J.
This matter comes on by application of defendant to plead guilty to indictment No. 115-99 (charging him with two counts of murder in the first degree, three counts of murder in the second degree, four counts of burglary in the first degree, two counts of criminal possession of a weapon, three counts of attempted murder in the first degree, one count of attempted murder in the second degree and three counts of 'assault in the first degree) without the consent of the District Attorney nor the permission of the court, during the pendency of the CPL 250.40 120-day period for the filing of a notice of intent to seek the death penalty.
*155 On July 8, 1999 the defendant was arraigned upon indictment No. 115-99, an 18-count indictment charging him with murder in the first degree under Penal Law § 125.27 (1) (a) (vii) and other crimes.
By the recently enacted death penalty statute, in any prosecution in which the People will be seeking a sentence of death, the People must file with the court and serve upon the defendant a written notice stating the intent to seek the sentence of death provided the notice is filed within 120 days of arraignment upon an indictment charging the defendant with murder in the first degree. (CPL 250.40.)
In the instant case, the District Attorney must, if he seeks the death penalty, file and serve a notice of intent to seek a sentence of death under CPL 250.40 by November 5, 1999.
As of September 22, 1999, the date of the within written application of the defendant, the District Attorney has not filed a notice of intent to seek a sentence of death, though the District Attorney had informed the court and the defense at the oral application that he is ready to file such notice if the court is inclined to allow the defendant to plead to the entire indictment without the District Attorney’s consent.
Statutorily, a defendant, as a matter of right, may plead guilty to an entire indictment except under CPL 220.10 (5). (CPL 220.10 [2].)
CPL 220.10 (5) (e), however, only allows a plea to murder in the first degree under Penal Law § 125.27 with the permission of the court and the consent of the People when the agreed-upon sentence is either life imprisonment without parole or a term of imprisonment for a class A-I felony of murder in the first degree other than a sentence of life without parole. No other parts of CPL 220.10 (5) are applicable herein.
Under CPL 220.60 (1), a defendant “may as a matter of right” enter a plea of guilty to any indictment subject to limitation in CPL 220.10 (2), which is inapplicable herein, and CPL 220.10 (5) (e), “A defendant may not enter a plea of guilty to the crime of murder in the first degree.”
However, the issue of the defendant’s right to plead guilty is further impacted by the recent Court of Appeals decision finding the plea provisions of the death penalty statute to be unconstitutional.
On December 22, 1998, the Court of Appeals decided Matter *156 of Hynes v Tomei (92 NY2d 613).* The Court, in a decision written by Chief Judge Kaye, concluded that, based upon the United States Supreme Court decision in United States v Jackson (390 US 570 [1968]), the plea provisions of murder in the first degree under Penal Law § 125.27 were unconstitutional.
The Court held that the plea provisions were severable from the rest of New York’s capital statute and therefore the Court of Appeals in striking down only CPL 220.10 (5) (e) and 220.30 (3) (b) (vii) left unchallenged other sections of the capital statute. The Court did not address CPL 250.40, requiring the District Attorney within 120 days from arraignment on the indictment to decide whether or not to seek the death penalty, as a constitutionally permissible or impermissible limitation on the defendant’s right to plead guilty.
The defendant herein argues that since Tomei (supra) has struck down CPL 220.10 (5) (e) and left CPL 220.10 (2) and 220.60 (1) unchallenged, he has the right to plead guilty to the entire indictment under CPL 220.60, without the permission of the court and the consent of the People, since no notice of intent to seek the death penalty is “pending.”
The defense also argues that there are no decisions in the State of New York in regard to this issue save People v Francois (NYLJ, Feb. 17, 1999, at 38, col 5 [Dutchess County Ct, Dolan, J.]), which is a Second Department case that this Third Department court need not follow; is erroneous in its reasoning; and has been granted leave to the Court of Appeals for review (Matter of Francois v Dolan, 263 AD2d 483, lv granted 93 NY2d 818).
The District Attorney, on the other hand, maintains that the defendant’s position would create “a race to the courthouse” whereas Tomei (supra) left CPL 250.40 unaffected, and therefore he has the undiminished right of 120 days from arraignment on the indictment (in this case until Nov. 5, 1999) in which to decide whether or not to seek the death penalty and until he announces his decision or the 120-day period has run the defendant may not plead without his consent and the permission of the court because the opportunity to file the death notice is pending.
The issue herein, which is a first impression matter in the Third Department, is may a defendant arraigned upon an *157 indictment charging, inter alla, murder in the first degree under Penal Law § 125.27 plead to the entire indictment and avoid the possibility of a death penalty verdict without the permission of the court and the consent of the District Attorney when a notice of intent to seek the death penalty is not pending, but the 120-day period for such filing under CPL 250.40 has not yet run? In other words, does CPL 250.40 stay the defendant’s right under CPL 220.10 and 220.60 and Matter of Hynes v Tomei (supra)?
This court holds that the defendant may not plead under these circumstances until the District Attorney has either declined to file his CPL 250.40 notice on the record, consents to such plea or the 120-day period with any court-ordered extensions has expired.
The Court of Appeals declared the plea provisions (CPL 220.10 [5] [e]; 220.30 [3] [b] [vii]) of the death penalty unconstitutional but found CPL 220.60 (2) (a) constitutional absent the stricken provisions and “Because the unconstitutional provisions are severable, the remainder of the* statute is also unaffected by our ruling.” (Matter of Hynes v Tomei, 92 NY2d 613, 620-621, supra [emphasis added].)
Albeit, “[u]nder the resulting statute, a defendant may not plead guilty to first degree murder while a notice of intent to seek the death penalty is pending” (Matter of Hynes v Tomei, supra, at 629 [emphasis added]), the Court of Appeals did not address the issue where the notice is not pending but the time to file said notice is pending.
The defendant herein acknowledges that the purpose of the Court of Appeals decision in Matter of Hynes v Tomei (supra) was to declare the plea provisions of the death penalty statute unconstitutional so as to avoid the conflict between the death penalty and the defendant’s inherent right to a trial by jury.
This attempt by the defendant to usurp the People’s statutory right to seek the death penalty under CPL 250.40 clearly has the same ends which the Court of Appeals seeks to stop, namely, the avoidance of the death penalty in derogation of the defendant’s right to a trial by jury.
The defendant goes to great lengths to overcome the rationale of Matter of Hynes v Tomei (supra) by arguing that even though CPL 250.40 is presently constitutional and “unaffected”, he can plead guilty herein because the People’s notice of intent to seek the death penalty is not pending.
*158 The defendant herein argues that under any definition nothing attains, the status of “pending” until it has begun but has not yet been completed.
The defendant’s argument is unpersuasive. CPL 250.40 specifies that the time period in which the prosecution must decide to seek the death penalty is 120 days and said time period begins at “the defendant’s arraignment upon the indictment charging the defendant with murder in the first degree” (CPL 250.40 [2]).
Whether the notice itself is pending (since it has not yet been filed) or the time period in which the prosecution has to file such notice is pending (it began on July 8, 1999 and runs until November 5, 1999) is splitting the proverbial legal hairs against the rationale of the clear legislative intent of CPL 250.40 to give the People sufficient time to decide on the tough and troubling question of whether or not to seek the death penalty and the rationale of Matter of Hynes v Tomei (supra).
This court rejects the defendant’s argument that CPL 250.40 is not a right for the People but rather only a limitation on the death penalty in favor of the defendant. The clear legislative intent is that the People of the State of New York have the right to seek the death penalty for certain specifically enumerated criminal conduct. This right cannot and ought not be compromised by defense tactics even when the notice is not “pending.” To rule otherwise would be to abrogate the legislative intent to provide for the death penalty.
This court holds that the defendant herein may not plead to murder in the first degree under either count 1 or count 2 until either:
1. the People consent to such plea;
2. the People declare, on the record, that the death penalty is not being sought herein;
3. the People have not filed the CPL 250.40 notice by November 5, 1999 and have not been granted any extensions of time to do so.
Based upon the above, it is ordered that defendant’s motion to plead to entire indictment No. 115-99 is denied in its entirety.

 The United States Supreme Court recently denied certiorari to the Kings County District Attorney to review said decision. (Hynes v Tomei, 527 US 1015 [1999].)